UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEXTER McMILLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-215 |
| | ) | (VARLAN/SHIRLEY) |
| LINDA MILLER and DEBORAH HAYES, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge H. Bruce Guyton on May 20, 2009. [Doc. 2.] Magistrate Judge Guyton recommended that the Complaint be dismissed under 28 U.S.C. § 1915(e) because the Complaint lacks any arguable basis for recovery in federal court. Plaintiff Dexter McMillan ("Plaintiff") filed a timely objection to Magistrate Judge Guyton's Report and Recommendation. [Doc. 4.] This matter is now ripe for the Court's consideration.

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the Complaint, Plaintiff asserts a claim for the violation of civil rights under 42 U.S.C. § 1983. [*See* Doc. 3 at 1.] The Defendants, Linda Miller ("Ms. Miller") and Deborah Hayes ("Ms. Hayes"), are allegedly court reporters in the Knox County Criminal Court. [*Id.* at 3.] Plaintiff alleges that Ms. Hayes made a "flase [sic] transcript" and "conspired to a Malice and Fraudulent conviction." [Doc. 3 at 5.] He also alleges that Ms. Miller "conspired to fabbercate [sic] through letters to hold the illegal conviction of a June 7, 1988." [Doc. 3 at 5.] Plaintiff seeks monetary damages for this claim. [Doc. 3 at 6.] In his objection, Plaintiff contends that he has stated a claim for the deprivation of his life and liberty and for alleged violations of his due process and equal protection rights because he "was deprive [sic] of a fair hearing of a guilty plea and a worse plea then on June 6, 1988." [*See* Doc. 4.]

As an initial matter, the Court notes diversity jurisdiction is lacking in this matter. For diversity jurisdiction, 28 U.S.C. § 1332 requires an action to be between "citizens of different States" and involve a controversy exceeding the sum or value of $75,000. Based on the allegations in the Complaint, all of the parties are citizens of Tennessee. Therefore, the Court agrees with Magistrate Judge Guyton that there is no diversity jurisdiction in this case.

The Court also agrees with Magistrate Judge Guyton that federal question jurisdiction is lacking in this matter. Title 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In his objection, Plaintiff contends that he has asserted a civil rights claim. However, Plaintiff has failed to sufficiently allege a claim under 42 U.S.C. § 1983 because he is challenging the validity of a conviction. The Supreme Court has recognized that § 1983

damages actions are not appropriate vehicles for challenging the validity of criminal judgments because they "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In other words, "a § 1983 plaintiff may not raise a claim that, if correct, would necessarily imply the invalidity of a state conviction or sentence unless and until that conviction or sentence has been set aside." *Thomas v. Pleasant*, 28 F. App'x 436, 437 (6th Cir. 2002). As a result, "[t]he claim is not cognizable and must be dismissed." *Id.* Based on the allegations in the Complaint, Plaintiff's conviction has not been overturned or declared invalid, thus he has failed to state a claim upon which relief can be granted because his claim necessarily implies the invalidity of a state conviction.

Thus, after careful review of the matter, the Court is in agreement with Magistrate Judge Guyton's recommendations. The Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 2] and **DISMISSES** Plaintiff's Complaint [Doc. 3] under 28 U.S.C. § 1915(e) as frivolous, for failure to state a federal claim upon which relief can be granted, but **WITHOUT PREJUDICE** to Plaintiff's rights to refile here or to file claims in state court. The Court notes, however, that in its current state, the Complaint lacks any arguable basis for recovery in federal court. The clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3

Case 3:09-cv-00215-TAV-CCS   Document 5   Filed 05/28/09   Page 3 of 3   PageID #: 27